# Cases

# FIRST DEPARTMENT,

# GENERAL TERM,

### July,* 1879.

LOUISA T. BUDD, RESPONDENT, *v.* GEORGE D. MUNROE, APPELLANT, IMPLEADED WITH LINDLEY MURRAY AND THE EMPIRE CITY FIRE INSURANCE COMPANY, RESPONDENTS.

*Certificate of stock — words "in trust" in, is notice to a purchaser of the rights of the true owner — Costs to one defendant against his co-defendant.*

The plaintiff allowed a certificate, for ten shares of insurance stock owned by her, to be issued to one "Lindley Murray, in trust," to enable him to become a director in the company. Subsequently Murray, without authority, transferred the stock to one Munroe, to secure money borrowed of him at that time. Munroe noticed the words "in trust" in the certificate, but was told by Murray that he had control of the stock and could transfer it if necessary.

*Held,* that the words "in trust" imposed upon Munroe the duty of ascertaining the authority of Murray to hypothecate the stock, and that plaintiff was entitled to recover it.

That in an action brought by the plaintiff, in which her right to the stock was established, and to which the insurance company and Munroe were defendants, a judgment for costs was properly rendered in favor of the company against Munroe.

APPEAL from a judgment entered upon the report of a referee, in favor of the plaintiff, declaring her to be the sole owner of ten shares of stock of the Empire City Fire Insurance Company, and directing the defendant Munroe to surrender up for cancellation

---

*Adjourned from the May Term.

the certificate of stock held by him, and from a judgment in favor of the insurance company against the defendant Munroe, for costs.

*William Wirt Hewitt*, for the appellant.

*J. A. Shoudy*, for the respondent, Budd.

*F. F. Marbury, Jr.*, for the respondent, The Empire City Fire Insurance Company.

BRADY, P. J.:

The plaintiff was the owner of the ten shares of stock in controversy, the title to which stands in the name of Lindley Murray, in trust, and a certificate, therefor, was issued in that form. Murray had no title to the stock, but the plaintiff allowed the certificate to be issued, as stated, to enable him to become a director in the company. Murray subsequently borrowed $1,000 from the defendant Munroe, and deposited with him as collateral security for the payment of the loan the certificate of stock in question, together with an instrument purporting to be a transfer of the certificate signed Lindley Murray, in trust, but the stock was never transferred on the books of the company to Munroe. It appears that when the loan was applied for by Murray and the certificate was offered as security, the attention of the defendant Munroe was called to the words " in trust " in the certificate, and he spoke to Murray about it, who answered that the stock was his or that he had control over it, and could transfer it if necessary. The defendant seems to have relied entirely upon this explanation or statement of Murray, and to have made no other investigation for the purpose of ascertaining the terms of the trust or anything regarding it.

Upon these facts it is quite apparent that if the plaintiff can be divested of her title by the transfer of Murray, which was made without her consent, it can only be on the principle of estoppel, and that principle does not spring out of the facts narrated, because not only did it appear from the certificate that Murray held the stock in trust, but it also appears from the transfer itself, which was signed by Murray, in trust.

There are several adjudications in kindred cases which establish the doctrine, that the words " in trust " contained in the certificate

were notice to all into whose hands the instrument might fall, and, therefore, imposed the obligation to inquire as to the authority of the person named as trustee or holding the trust, to sell or hypothecate the subject of the trust. (*Sturtevant* v. *Jaques*, 96 Mass. [14 Allen], 523; *Bancroft* v. *Consens*, 95 id. [13 Allen], 50; *Trull* v. *Trull*, id., 407; *Shaw* v. *Spencer*, 100 Mass., 389; *Duncan* v. *Jaudon*, 15 Wall., 165.)

The appellant urges upon the consideration of the court the point, that the loan of the stock for the purpose of enabling Murray to become a director was against public policy. No case decisive of this proposition was cited and none has been found. It does not appear from any fact or circumstance in this case, that there was any intention to evade any statute or to violate any rule of public policy. So far as it can be ascertained, the transfer may have been for the purpose of securing the services and experience of a person as a director which would be valuable to the company, and enure to its benefit and advantage.

For these reasons the judgment must be affirmed, with costs. In regard to the appeal from that part of the judgment by which costs are given to the Empire City Fire Insurance Company, it is only necessary to say, that that company was brought into court by no fault of its own, but by the assertion of an unlawful claim upon the part of the defendant Munroe, and it is just that it should be indemnified for the expenses attendant upon its proper representation in this controversy.

Ordered accordingly.

INGALLS, J., concurred.

Present — BRADY, P. J., INGALLS and DANIELS, JJ.

Judgment affirmed, with costs.